This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CASEY R. BAKER,**

Worker-Appellee,

**v.**                                             **NOS. 36,142 and 36,272 (consolidated)**

**ENDEAVOR SERVICES, INC., and**
**GREAT WEST CASUALTY CO.,**

Employer/Insurer-Appellants,

Consolidated with

**CASEY R. BAKER,**

Worker-Appellant,

**v.**

**ENDEAVOR SERVICES, INC., and**
**GREAT WEST CASUALTY CO.,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Terry S. Kramer, Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellee


Kelly A. Genova
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Employer/Insurer Endeavor Services, Inc. and Great West Casualty Co. (Employer) appeal from the Workers' Compensation Administration's (WCA) compensation order awarding Worker Casey R. Baker (Worker) benefits based on a maximum medical improvement (MMI) date of December 7, 2016. [*Case #1* DS 2; RP 190][1] Worker appeals from the WCA's order awarding him attorney fees and requiring the award to be paid fifty percent by Worker and fifty percent by Employer. [*Case #2* DS 1; RP 234] This Court issued a notice consolidating the appeals and proposing to affirm. Employer has not filed a memorandum in opposition to our proposed summary affirmance. We therefore affirm the WCA's compensation order determining the date Worker reached MMI. *See Griffin v. Thomas*, 1997-NMCA-009,

---

[1]All citations to Employer's docketing statement in Ct. App. No. 36,142 are cited to as "*Case #1* DS." All citations to Worker's docketing statement in Ct. App. No. 36,272 are cited as "*Case #2* DS." All citations to the record proper refer to the record proper originally numbered Ct. App. No. 36,272, *Case #2*.

¶ 7, 122 N.M. 826, 932 P.2d 516 ("[A]n issue is deemed abandoned where a party fails to respond to the calendar notice's proposed disposition of the issue[.]"). Worker filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm the award and apportionment of his attorney fees.

{2}     Worker asserts the WCA erred in denying his application to require Employer to pay one hundred percent of Worker's attorney fees pursuant to NMSA 1978, Section 52-1-54(F) (2013), because the compensation order awarded Worker a larger recovery for temporary total disability (TTD) than Worker proposed to Employer in his offer of judgment. [*Case # 2* DS 11-12] As we pointed out in our notice, Worker's offer addressed only TTD benefits and appeared to have failed to address any contemplated permanent partial disability (PPD) benefits, medical benefits, or any other benefits, aside from attorney fees, that were contested issues and which Worker was ultimately awarded. [MIO 3; RP 162, 193-194] Worker points out in his memorandum in opposition that his offer included payment by Employer for continued medical treatment. [MIO 7] In support of the argument his offer sufficiently addressed the critical issues and was not required to include PPD benefits, Worker cites *Abeyta v. Bumper to Bumper Auto Salvage*, 2005-NMCA-087, ¶¶ 11, 15, 137 N.M. 800, 115 P.3d 816, in which this Court held the worker's offer of judgment regarding TTD benefits was unambiguous and was lower than the compensation

3

award the worker received. Worker cites *Abeyta* to argue his offer, which only addressed TTD benefits was unambiguous and supports application of the fee-shifting statute. [MIO 6]

{3}	While it is true the offers both in the present case and in *Abeyta* appeared to specifically address only TTD benefits, unlike in *Abeyta*, where PPD benefits did not appear to be at issue, PPD benefits were a contested issue in the present case and, thus, a critical issue unaddressed by Worker's offer. [RP 162] *See Abeyta*, 2005-NMCA-087, ¶¶ 2-3. Insofar as Worker's offer of settlement did not address the critical contested issue of PPD by "reserv[ing] all . . . rights not specifically addressed herein, including all rights, claims and defenses relating to [PPD] benefits following MMI[,]" [MIO 7] we conclude the WCA properly concluded the offer did not supply an appropriate basis for application of the fee-shifting provision. *See Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 26, 142 N.M. 605, 168 P.3d 177 (observing although an offer of judgment may fail to address details, where critical issues are unresolved, the offer does not supply an appropriate basis for fee shifting).

{4}	Worker goes on to argue he was prevented from making a timely offer of judgment that included PPD benefits because the completion of a second impairment assessment was delayed by Employer's refusal to pay for it. [MIO 8-9] While the second impairment assessment resulted in a greater impairment rating, [MIO 9]

4

Worker was not prevented from making a complete offer of judgment that addressed PPD benefits based on the information and impairment rating that was available to him at the time. As a consequence, Worker's argument his incomplete offer of judgment provides a basis for fee-shifting is unavailing.

{5}     Therefore, based on the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{6}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**J. MILES HANISEE, Judge**